Ben DUNN v. STATE. (No. 9451.) (Court of Criminal Appeals of Texas. Oct. 6, 1926.) Commissioners' Decision. Appeal from District Court, Martin County; Chas. Gibbs, Judge.

J. F. Cunningham, of Abilene, and Lockhart & Garrard, of Lubbock, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BERRY, J. The offense charged is murder, and the punishment assessed is 15 years in the penitentiary. It has been brought to the attention of this court, by affidavits properly signed and presented, that the appellant, since this appeal was filed, has departed this life. It is therefore the order of this court that the appeal be abated on account of the death of the appellant.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**2**

John FRANKS v. STATE. (No. 10253.) (Court of Criminal Appeals of Texas. June 23, 1926. Rehearing Denied Oct. 20, 1926.) Appeal from District Court, Fayette County; M. C. Jeffrey, Judge. J. F. Hair, of San Antonio, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Fayette county of assault to murder; punishment, 12 years in the penitentiary. The record is before us, without any statement of facts or bills of exception. The indictment being in proper form, and the charge of the court correctly presenting the law, the judgment will be affirmed.

On Motion for Rehearing.

Appellant presents only the proposition that we erred in holding that this case was properly transferred from Bastrop county to Fayette county on change of venue. We have examined the transcript on change of venue and the orders made by the court, but are unable to agree with appellant's contention, and the motion for rehearing is overruled.

---

**3**

Granville WILCOXSON v. STATE. (No. 10340.) (Court of Criminal Appeals of Texas. June 23, 1926. Rehearing Denied Oct. 20, 1926.) Commissioners' Decision. Appeal from District Court, Collin County; F. E. Wilcox, Judge. Floyd Harry, of Farmersville, and Hughston & Neilson, of McKinney, for appellant. H. Grady Chandler, Co. Atty., and W. C. Dowdy, Asst. Co. Atty., both of McKinney, and Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BERRY, J. The offense is unlawful possession of a still for the manufacture of intoxicating liquor and the punishment is one year in the penitentiary. There is no statement of facts on file in this court. The only bill of exceptions that could manifest error, in the absence of a statement of facts, is the one pertaining to the alleged misconduct of the jury. The substance of this misconduct is to the effect that, after the jury retired to consider their verdict, the jurors Hamor and Wilson stood for an acquittal, while the other 10 jurors stood for a conviction, and that certain of the jurors who were for conviction said things to the juror Hamor which were calculated to and did intimidate him into rendering a verdict of guilty. We have very carefully examined the testimony that was introduced on this question before the trial court while considering the motion for a new trial, and have reached the conclusion, first, that Hamor's testimony itself is hardly sufficient to show any improper conduct on the part of any other juror toward him; and, second, we think it is entirely sufficient to show that there was such conflict between the testimony of Hamor and the other jurors who testified on the motion as to make it clear that the trial court did not abuse his discretion in refusing to grant a new trial. Finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. We have re-examined the record in the light of the appellant's motion for rehearing, and are of the opinion that the motion should be overruled. It is so ordered.

---

**4**